# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT JENKINS,                                    )
JENKINS DISPLAYS CO.                    ,         )
Plaintiffs,                                       )
                                                  )        Case No.    21-cv-434-DWD
VS.                                               )
                                                  )
FAYETTE COUNTY CIRCUIT COURT,                     )
Defendant.                                        )

## *Complaint.*

**Comes now** Scott Jenkins Pro se  and states the following:

### History and Jurisdiction.

On 4-20-21, regarding case 14-cv-0004-DWD, this Court ruled I would need to file a new complaint to have my matters heard:

> ***Finally, to the extent that Plaintiff is seeking to open a new case to review the state court action, he must file a new, separate, action in this Court.***

This Court ruled that based upon statements from me, backed up by this Court's review of the Fayette County electronic docket, the case is still pending in state Court and there are ongoing proceedings.

### No forum to litigate.

On May 21, 2020, Judge MIchael Mchaney ruled that I am not allowed to file anything in my Fayette County Court.

```
        THE COURT:  I want you and Mr. McDonald to draft
an order that ends this totally.  Mr. Jenkins is
forbidden from filing any further pleadings in either
one of these cases unless it's a notice of appeal.  If
he files it, I will strike it on my own motion, you
will not be required to respond to it, and he's
subject to being found to be in contempt of court if
he persists in filing anything in these cases other
than a notice of appeal, and this thing -- these
things are done.

        Does that make sense, attorneys?

    MS. BARRON:  Yes, Your Honor.

    MR. MCDONALD:  Yes.
```

The Constitution affords me access to the Courts.  This Court is required to defend my Constitutional Rights.  This Court can't Order a State Court to afford me a forum to litigate my legal matters, but this Court has the authority to provide a forum if no other is available.  Due to a May 21, 2020 ruling my Judge Michael Mchaney I am no longer allowed to litigate in my State Court.

This Court Ruled that I could open a Case as long as I didn't ask this Court to review State Court Judgments based upon Rooker Feldman:

**_The Doctrine precludes federal court jurisdiction over claims seeking review of state court judgments._**

The issues I bring before this Court do not deal with the subject matter of the Case that was heard or ruled upon in State Court.  What I am requesting this Court is a forum to present those Issues along with new issues recently discovered criminal activity.  I will address the criminal activity first.

### Tampering with the Public Records.

**_(720 ILCS 5/32-8) (from Ch. 38, par. 32-8)  (c) A judge, circuit clerk or clerk of court, public official or employee, court reporter, or other person commits tampering with public records when he or she knowingly, without lawful authority, and with the intent to defraud any party, public officer or entity, alters, destroys, defaces, removes, or conceals any public record received or held by any judge or by a clerk of any court._**

2

Attached to this complaint is an impounded Record.  Included in the impounded Record are two notice of hearings and one Order mistitled Offer.  My Circuit Clerk, Kathey Emerik states the Case is still open.

Judge Dugan's Order stated the Federal Court lacked jurisdiction to grant my Motions to find out who were involved in impounding 2 Notices of Hearings, and an Order dated November 26, 2018, signed and filed at midnight by Judge Mchaney (see below):

FILED
Fayette Co. Circuit Court
4th Judicial Circuit
Date: 11/26/2018 12:00 AM
Kathy Emerick

JUDGE ,

In spite of Judge Mchaney signing the Order at Midnight on November 26th, 2018, as seen above, the PC JIMS software only allows for a Judge to Impound anything.  The Judici Electronic Record, that Federal Judge Dugan cites from, and rules to  be the electronic Record available to the Public online, today shows nothing filed on November 26, 2018, not because nothing was filed on November 26, 2018, but because it was impounded and the Public isn't allowed to see it, even today:

| | |
|---|---|
| 11/28/2018 | Jury trial set for 07/22/2019 at 8:30 in courtroom 1. |
| 11/20/2018 | Supplemental filed by CATES, DAVID. |

On November 26, 2018 I never received a Notice regarding the filing of an Order, cause it was impounded by a Judge, but what I did receive via email and the Judici Notice Subscription plan I paid for, was an Offer filed by Joseph Bleyer, not an Order, and the Offer was entered under my name, but had no Judge assigned to it:



According to the Certified Impounded Index from Kathy Federal Judge David Dugan is 100% correct his ruling, Kathy is 100% correct in doing her Job, and my PC JIMS software license and subscription I own both as a Fayette County tax payer and and individual ia 100% correct in doing its job, cause Judge Mchaney's Order is

disguised as an "Offer", it was marked by a Judge's version of PC JIMS Software to be impounded, and that's exactly what Kathy's certified impounded sub record she sent to me via email says it is:





**Two different Appeal records involving the same Case.**

In December 2020 I paid Kathy Emerick for an Appeal Record, At the time Kathy claimed she hadn never sent an Appeal Record.  But I remembered seeing a notice back in September that an Appeal Record had been sent.  Kathy and I argued a bit about whether an Appeal Record had been sent or not, and finally I explained I just wanted to to pay her for an Record.

On December 18th I paid Kathy $625 for an appeal Record generated by her PC JIMS software:

After I paid I noticed she sent an Appeal Record.  As a pro se litigant, I was unaware of the whole process, but I could see no harm in another copy being sent.  I assumed if two Appeal Records existed regarding the same matter, they would be duplicates, because it only stood to reason that only one copy can be certified as the accurate record of the Case.  Two different Records for the same Case would render one or the other false, and Certifying a false document is illegal.

Turns out my Case in Fayette County has two Certified Records, and they're different.  Within this document I can prove it with the two different Certification Pages, and although there are many other Issues regarding record tampering, for the purpose of having this Court to accept this Case and allow me to proceed with discovery, the two Certifications, coming from the same Case, Certified by the same Clerk to be an accurate Record of the Case. should be suffice.

**Two appellate cases generated from one Circuit Case.**

For some reason my one Circuit Case 13-L-10, generated two Appellate Cases, 05-20-1076 and 05-20-0177, but the Appellate Court ruled both Cases the same, and merged the Case numbers.  Anything filed in one Case qualifies it to be as if it was filed under the other,  the same as filed on December 18th, the Record was supposed to cover both Cases.  In December Kathy certified the Appeal Record to be accurate and stated it contained a total of 2,226 pages contained within a total of 3 volumes:

APPEAL TO THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT
FROM THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

JENKINS, SCOTT ET AL
                        Plaintiff/Petitioner

                                                Reviewing Court No:  5-20-0177
                                                Circuit Court No:     2013L10
                                                Trial Judge:         Honorable Michael McHaney

v

E-FILED
Transaction ID: 5-20-0177
File Date: 12/18/2020 5:59 PM
John J. Flood, Clerk of the Court
APPELLATE COURT 5TH DISTRICT

FIRST NATIONAL CORP D/B/A ET AL
                        Defendant/Respondent

### CERTIFICATION OF RECORD

The record has been prepared and certified in the form required for transmission to the reviewing court.
It consists of:

    2 Volume(s) of the Common Law Record, containing 2124 pages.

    1 Volumes(s) of the Report of Proceedings, containing 102 pages.

    0 Volume(s) of the Exhibits, containing 0 pages.

I hereby certify this record pursuant to Supreme Court Rule 324, this 18th day of December, 2020.

                                          KATHY EMERICK, Clerk of the Circuit Court

Kathy claimed she never sent a Record of Appeal regarding my 13-L-10, only she can do so, and no Appeal Record was to leave her office without being paid for, certainly not one that cost $625.  But I knew I remembered seeing a notice that one was sent.  Turns out there was one sent on September 23rd, 2020. Although Kathy claimed she never filed a previous Record, below is the September 2020 certified Record with Kathy certifying it to be accurate also:

5-20-0176

APPEAL TO THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT
FROM THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

JENKINS, SCOTT ET AL
          Plaintiff/Petitioner

                          Reviewing Court No:   5-20-0176
                          Circuit Court No:       2013L10
                          Trial Judge:        Honorable Michael McHaney

v

                          E-FILED
                          Transaction ID: 5-20-0176
                          File Date: 9/23/2020 6:09 PM
FIRST NATIONAL CORP D/B/A ET AL         John J. Flood, Clerk of the Court
          Defendant/Respondent          APPELLATE COURT 5TH DISTRICT

CERTIFICATION OF RECORD

The record has been prepared and certified in the form required for transmission to the reviewing court.
It consists of:

    2 Volume(s) of the Common Law Record, containing 2118 pages.

    1 Volume(s) of the Report of Proceedings, containing 102 pages.

    0 Volume(s) of the Exhibits, containing 0 pages.

I do further certify that this certification of the record pursuant to Supreme Court Rule 324, issued out of
my office this 23th DAY OF September, 2020.

                          KATHY EMERICK, Clerk of the Circuit Court

Upon first glance it looked the same, but then I started comparing.  When I inquired about there being different Case numbers I was assured it to be just an oversight, and the Cases were merged together.  The September Record  had 3 volumes like the one in December.  But the September Record one that seemed to show up with no explanation, Eric Rhein my Corp Attorney never knew about, Kathy Emerick the Circuit Clerk never knew about, and only due to my Judici subscription was I made aware.  But unlike the December one, it had a different number of pages.

I see no point in divulging all the differences between the two Records at this time, the cover pages tell the difference.  I will divulge at this time blank pages with the following in the upper left corners which in part explains some of the differences, and at no time waa anything in my CIvil Case qualified to be secured.

Secured by the Circuit Court:              Secured by the Circuit Court:      Secured by the Circuit Court:
MOTION FOR SUBSTITUTION OF JUDGE AND CONTINUANCE    OFFER                NOTICE OF HEARING

Based on the software my Court uses, parties submit, and Judges secure documents.

The Record has tampering  proven by the existence of two different Appeal Records, a September Record that Kathy claims she never sent or approved because it was never paid for, as well as it is different from the one Kathy was aware of, verified by the $625 receipt.

Since this is a Civil Case in a County that has adopted online Public viewing of it's Records, without a hearing, no authority exists to Impound anything regarding my Case.

Factual evidence by way of the September and December Records, as well as the Judici electronic Record, the Record Federal Judge David Dugan relied upon when determining there are issues pending on my 13-L-10 Case in Fayette County, and none of these Records depict any Public Hearing ever taking place as required before impounding Civil Case Records which means there should be no secured or impounded documents.

**Illinois State Law provides for both the basis as well as a remedy for damages.**

Illinois considers Record tampering from a very serious issue as stated in Statute 720 ILCS 5/32-8 (from Ch. 38, par. 32-8, under paragraph C, in which is stated:

*(c) A judge, circuit clerk or clerk of court, public official or employee, court reporter, or other person commits tampering with public records when he or she knowingly, without lawful authority, and with the intent to defraud any party, public officer or entity, alters, destroys, defaces, removes, or conceals any public record received or held by any judge or by a clerk of any court.*

In fact it considers it such a serious issue Illinois imposes the following sentence and remedy for damages under paragraph (d):

*(d) Sentence. <u>A violation of subsection (c) is a Class 3 felony.</u>  Any person convicted under subsection (c) who at the time of the violation was responsible for making, keeping, storing, or reporting the record for which the tampering occurred: (1) shall forfeit his or her public office or public employment (2) shall forfeit all retirement, pension, and other benefits arising out of public office or public employment (3) shall be subject to termination of any professional licensure or registration in this State (4) may be ordered by the court, after a hearing in accordance with applicable law and in addition to any other penalty or fine imposed by the court, to forfeit to the State an amount equal to any financial gain or the value of any advantage realized by the person as a result of the offense; and (5) may be ordered by the court, after a hearing in accordance with applicable law and in addition to any other penalty or fine imposed by the court, to pay restitution to the victim in an amount equal to any financial loss or the value of any advantage lost by the victim as a result of the offense.*

**Summary.**

**I believe I will need to amend during Discovery.**

**Therefore** I respectfully ask this Court to accept jurisdiction over my Case and allow me to commence discovery.

Respectfully submitted,
/s/ Scott Jenkins, Pro Se.


I certify I will serve the field version appropriately to all parties.

APPEAL TO THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT
FROM THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

JENKINS, SCOTT ET AL
              Plaintiff/Petitioner

Reviewing Court No:  5-20-0177
Circuit Court No:     2013L10
Trial Judge:        Honorable Michael McHaney

v

<span style="color:red">E-FILED
Transaction ID:  5-20-0177
File Date: 12/18/2020 5:59 PM
John J. Flood, Clerk of the Court
APPELLATE COURT 5TH DISTRICT</span>

FIRST NATIONAL CORP D/B/A ET AL
              Defendant/Respondent

**CERTIFICATION TO IMPOUNDED RECORD**

The impounded record has been prepared and certified in the form required for transmission to the reviewing court. It consists of:

    1 Volume(s) of the Impounded Record on Appeal

        23 pages of the Impounded Common Law Record Section

        0 pages of the Impounded Report of Proceedings Section

        0 pages of the Impounded Exhibits Section

I hereby certify this record pursuant to Supreme Court Rule 324, this 18th day of December, 2020.

                                KATHY EMERICK, Clerk of the Circuit Court

**CI  1**

APPEAL TO THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT
FROM THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

| | | |
|---|---|---|
| JENKINS, SCOTT ET AL | ) | |
| Plaintiff/Petitioner | ) | Reviewing Court No:  5-20-0177 |
| | ) | Circuit Court No:    2013L10 |
| | ) | Trial Judge:        Honorable Michael McHaney |
| v | ) | |
| | ) | |
| | ) | |
| FIRST NATIONAL CORP D/B/A ET AL | ) | |
| Defendant/Respondent | ) | |

**IMPOUNDED RECORD - TABLE OF CONTENTS**

Page 1 of 1

| **Section** | **Page** |
|---|---|
| IMPOUNDED COMMON LAW RECORD SECTION | CI  3 - CI  23 |

**CI  2**

APPEAL TO THE APPELLATE COURT OF ILLINOIS

FIFTH JUDICIAL DISTRICT

FROM THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT

FAYETTE COUNTY, ILLINOIS

| | | |
|---|---|---|
| JENKINS, SCOTT ET AL | ) | |
| Plaintiff/Petitioner | ) | Reviewing Court No:  5-20-0177 |
| | ) | Circuit Court No:     2013L10 |
| | ) | Trial Judge:          Honorable Michael McHaney |
| v | ) | |
| | ) | |
| | ) | |
| FIRST NATIONAL CORP D/B/A ET AL | ) | |
| Defendant/Respondent | ) | |

## COMMON LAW RECORD - TABLE OF CONTENTS

Page 1 of 1

| Date Filed | Title/Description | Page No |
|---|---|---|
| 08/22/2018 | NOTICE OF HEARING | CI  4 - CI  5 |
| 11/08/2018 | NOTICE OF HEARING | CI  6 - CI  7 |
| 11/26/2018 | OFFER | CI  8 - CI  9 |
| 12/09/2019 | MOTION FOR SUBSTITUTION OF JUDGE AND CONTINUANCE | CI  10 - CI  23 |

**CI  3**

FILED
Fayette Co. Circuit Court
4th Judicial Circuit
Date: 8/22/2018 10:43 AM
Kathy Emerick

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

| | |
|---|---|
| SCOTT JENKINS AND | ) |
| JENKINS DISPLAYS CO., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   No.  13-L-10 |
| | ) |
| FIRST VANDALIA CORP., d/b/a | ) |
| FIRST NATIONAL BANK OF | ) |
| VANDALIA, WILLIAM ERNEST | ) |
| CHAPPEL, THE CITY OF | ) |
| VANDALIA AND JACK JOHNSTON | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF HEARING**

YOU ARE HEREBY NOTIFIED that a Hearing on City of Vandalia's Motion for Summary Judgment shall be held before the presiding Judge in the **Circuit Courtroom, Fayette County, Vandalia, Illinois on October 10, 2018 at the hour of 10:00 a.m.,** at which time you may be present and be heard if you so desire.

BLEYER and BLEYER

S/Joseph A. Bleyer
Attorney Registration No. 6193192
Attorneys for Defendant, The City of
Vandalia

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:   (618)997-1331
Facsimile:   (618)997-6559
e-mail:     jableyer@bleyerlaw.com

**CI  4**

## *CERTIFICATE OF SERVICE*

I hereby certify that on August 22, 2018, I electronically filed an Notice of Hearing on

behalf of Defendant, City of Vandalia, with the Clerk of the Court with notifications of such

filing to the following:

DAVID CATES
CATES MAHONEY, LLC
216 WEST POINTE DRIVE, SUITE A
SWANSEA, IL 62226
dcates@cateslaw.com

ANN C. BARRON
HEYL, ROYSTER
MARK TWAIN PLAZA III, SUITE 100
POST OFFICE BOX 467
Edwardsville, IL 62025-0467
abarron@heylroyster.com

JEROME E. McDONALD
BLACK BALLARD McDONALD, P.C.
108 SOUTH 9TH STREET
POST OFFICE BOX 4007
Mount Vernon, IL 62864-8607
jmcdonald@illinoisfirm.com

S/JOSEPH A. BLEYER

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:    (618)997-1331
Facsimile:    (618)997-6559
e-mail:       jableyer@bleyerlaw.com

**CI  5**

FILED
Fayette Co. Circuit Court
4th Judicial Circuit
Date: 11/8/2018 4:01 PM
Kathy Emerick

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SCOTT JENKINS AND | ) | |
| JENKINS DISPLAYS CO., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  13-L-10 |
| | ) | |
| FIRST VANDALIA CORP., d/b/a | ) | |
| FIRST NATIONAL BANK OF | ) | |
| VANDALIA, WILLIAM ERNEST | ) | |
| CHAPPEL, THE CITY OF | ) | |
| VANDALIA AND JACK JOHNSTON | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED NOTICE OF HEARING**

YOU ARE HEREBY NOTIFIED that a Hearing on City of Vandalia's Motion for Summary Judgment shall be held before the Honorable Michael McHaney at the **Marion County Courthouse, 100 East Main Street, Salem, Illinois on November 13, 2018 at the hour of 1:00 p.m.,** at which time you may be present and be heard if you so desire.

BLEYER and BLEYER

S/Joseph A. Bleyer
Attorney Registration No. 6193192
Attorneys for Defendant, The City of Vandalia

**CI  6**

## *CERTIFICATE OF SERVICE*

I hereby certify that on November 8, 2018, I electronically filed an Amended Notice of

Hearing on behalf of Defendant, City of Vandalia, with the Clerk of the Court with

notifications of such filing to the following:

> DAVID CATES
> CATES MAHONEY, LLC
> 216 WEST POINTE DRIVE, SUITE A
> SWANSEA, IL 62226
> dcates@cateslaw.com

> ANN C. BARRON
> HEYL, ROYSTER
> MARK TWAIN PLAZA III, SUITE 100
> POST OFFICE BOX 467
> Edwardsville, IL 62025-0467
> abarron@heylroyster.com

> JEROME E. McDONALD
> BLACK BALLARD McDONALD, P.C.
> 108 SOUTH 9TH STREET
> POST OFFICE BOX 4007
> Mount Vernon, IL 62864-8607
> jmcdonald@illinoisfirm.com

S/JOSEPH A. BLEYER

BLEYER and BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:   (618) 997-1331
Fax:         (618) 997-6559
e-mail:      *jableyer@bleyerlaw.com*

**CI  7**

FILED
Fayette Co. Circuit Court
4th Judicial Circuit
Date: 11/26/2018 12:00 AM
Kathy Emerick

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
FAYETTE COUNTY, ILLINOIS

SCOTT JENKINS AND ... )
JENKINS DISPLAYS CO., ... )
............................................................... )
.................................. Plaintiffs ... )
............................................................... )
................................ vs. ............... ) ....... No.  13-L-10
............................................................... )
FIRST VANDALIA CORP., d/b/a ... )
FIRST NATIONAL BANK OF ... )
VANDALIA, WILLIAM ERNEST ... )
CHAPPEL, THE CITY OF ... )
VANDALIA AND JACK JOHNSTON ... )
............................................................... )
.......................... Defendants. ... )

## *ORDER*

NOW on this 13th day of November, 2018 the same being one of the regular

judicial days of this Court, this matter comes for Hearing before this Court on Defendant,

The City of Vandalia's, Motion for Summary Judgment along with the Plaintiffs, Scott

Jenkins and Jenkins Displays Co.'s, Response to Motion for Summary Judgment and the

Plaintiffs, Scott Jenkins and Jenkins Displays Co.'s, Supplemental Response to Motion

for Summary Judgment filed herein.  The Court having heard Oral Argument and being

fully advised in the premises finds that Defendant, The City of Vandalia's, Motion for

Summary Judgment is well taken and should be granted.

It is therefore ORDERED and ADJUDGED that Defendant, The City of

Vandalia's, Motion for Summary Judgment is granted and that judgment is entered

**CI  8**

herein in favor of Defendant, The City of Vandalia, and against the Plaintiffs, Scott

Jenkins and Jenkins Displays Co.

It is further ORDERED and ADJUDGED that Defendant, The City of Vandalia's,

Motion for Finding Pursuant to Illinois Supreme Court Rule 304(a) is denied.


_____
JUDGE

CI 9