# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT JENKINS }<br>Plaintiff,  )<br>  )<br>VS.  )<br>  )<br>FAYETTE COUNTY CIRCUIT COURT,  )<br>Defendant.  ) | Case No. 21-cv-00434-MAB |

**Motion to Disqualify Defendant's Counsel.**

    Comes now Scott Jenkins pro se and states the following:

    The foundation of my Case is Illinois Statute 720 ILCS 5/32-8, Tampering with public records. My adversary in this Case, counsel for the defense, is the Illinois Attorney General.

    Illinois Statute 15 ILCS 205, section 4, fifth duty in the Attorney General Act states in part that the Attorney General is to investigate alleged violations of the Illinois statutes.

    720 ILCS 5/32-8, Sections (f) and (g) states the following:

    *(f)  When the sheriff or local law enforcement agency having jurisdiction declines to investigate, or inadequately investigates, the court or any interested party, shall notify the State Police of a suspected violation of subsection (a) or (c), who shall have the authority to investigate, and may investigate, the same, without regard to whether the local law enforcement agency has requested the State Police to do so.*

    *(g)  If the State's Attorney having jurisdiction declines to prosecute a violation of subsection (a) or (c), the court or interested party shall notify the Attorney General of the refusal.   The Attorney General shall, thereafter, have the authority to prosecute, and may prosecute, the violation, without a referral from the State's Attorney.*

    In April I filed numerous complaints with all my local law enforcement Agencies, the State Police, Chief Judge's Office, the Illinois ARDC, and the Illinois JIB.  All of the law enforcement Agencies, as well as the local Court report to the States Attorney regarding illegal or wrongful activities within the Court.  As of this date I have received no reply or evidence that any of the Agencies I've contacted have acted.  Absent action by local law enforcement Agencies, Illinois Law

states that the Attorney General shall take up the investigation at the request of an interested party. I am an interested party.

The numerous letters, emails, and complaints were lengthy and extensivel but I kept copies as well as emails and online receipts. I also have witnesses who were present during some of my in person conversations. There can be no doubt, and I have proof that I acted appropriately and within the Law in reporting my allegations.

If the Attorney General is required by law to investigate and possibly prosecute based upon the allegations of my Case, then it would be a conflict to assume a defensive role regarding the allegations, especially absent investigation results by the Attorney General Agency.

### The Magistrate System Encourages opposing party discussions.

It's my understanding from this Court's Policy, as well as my past experience using the Magistrate System, the Magistrate system encourages opposing parties to discuss the case, regardless of dispositive Motions. Early on in the Case, following magistrate litigation recommendations, I made several attempts to discuss the Case with Attorney General Agent Victoria Fuller, Counsel for the Fayette County Court. She told me she could not discuss my allegations regarding the Case because it would be a conflict and improper for her to do so as my opponent But this contradicts Illinois Law, because as cited above, as an Agent for the Attorney General, she is required to discuss allegations regarding Illinois Statute Violations.

If she is required to discuss my allegations, but by doing so would put her and her Agency in a conflicting role, then she and her Agency must resign from the Case.

### The Attorney General played no role in Gabeau Vs Fayette County Court.

In this Court Federal Case 3:18-cv-02114-SMY, Gabeau (plaintiff) vs Starnes and Fayette County Court (defendents), sexual harassment allegations were the basis of that Case. The complaint started with the Circuit Clerk who acknowledged and transferred the matter to the Chief Judge's Office. The Chief Judge's Office addressed the allegations and transferred the matter to the States Attorney for investigation. I too addressed my allegations to the Circuit Clerk, as well as the

Chief Judge's Office. At this time I can't say if either of those Court Departments forwarded them on to the States Attorney as they did in the Gabeau Case. But if they forwarded sexual harassment allegations to their Court States Attorney for investigation, they should have done the same with my allegations of Public Record Tamperting, allegations backed up by factual evidence. I also followed the law, took my allegations to the State's Attorney's superior, the Attorney General, both in writing and in person.

While I have not been contacted by anyone from the Attorney General's Office, I can't say for certain the Attorney General has ignored my allegations, but I believe any investigating Agency has a duty to inform those who present allegations if they can or will investigate, and if so, the results of their investigation if completed. I've received no response from any Agency I've filed my allegations with, and this has not been the Case regarding any other times I've had to request action by an Agency. I would always receive some type of response.

Public Record Tampering allegations are as serious as sexual harassment allegations, and like my Case the Fayette Counrty Court felt they needed representation. But unlike my Case, In the Gabeau Case it wasn't the Attorney General who assumed representation for the Fayette County Court, it was Karin Anderson with O'Halloran, Kosoff.

> **Karin L. Anderson**
> O'Halloran, Kosoff, et al.
> 650 Dundee Road
> Suite 475
> Northbrook, IL 60062
> 847-291-0200
> 847-291-9230 (fax)
> kanderson@okgc.com
> *Assigned: 12/17/2018*
> *LEAD ATTORNEY*
> *ATTORNEY TO BE NOTICED*
>
> representing
>
> **Fayette County Circuit Court**
> *(Defendant)*

It may be that the Attorney General and Agents holding Office at that time of that Case realized it would be a conflict to assume a role in a Case if a branch of its Agency had played a part. In this

3

Case if the Attorney General or States Attorney hasn't, Illinois Law requires them to, and therefore conflicts the Attorney General from doing so now.

**Evidence before this Court is sufficient to warrant investigation.**

There can be no dispute that the impounded document evidence is factual, certified by the Circuit Clerk, and there is no basis for those documents to warrant impounding.  That alone is sufficient for the Attorney General to address or investigate my allegations when all my local enforcement agencies have failed to act as far as I can ascertain at this time.  To date there's been no local law enforcement or Judicial agency that has provided any response, let alone a reason or explanation for why key public hearing notices and the Order from the hearing had any need or basis to be impounded and kept from the Public.

The impounding requirement that was ignored needs an explanation, as well as a false Appeal Record submitted by an unknown Court person also should be investigated by the Attorney General.

9 months now after the numerous complaints were sent to numerous law enforcement agencies, there is still no answer or explanation regarding the impounded Record in my Circuit Court Case.  As stated above, absent action by local enforcement agencies, requires the Attorney General to address or investigate my allegations under Illinois Law.

**Equal access to evidence and discovery is a Discovery Rule requirement.**

Fair access to all evidence, discovery, etc. by all parties of a Case is the fundamental Discovery Rule.  While all of the evidence I have is available to my adversary, all the evidence the Attorney General may have or have access to is not available to me.

During any ongoing investigation, all evidence and discovery obtained by law, judicial, or Illinois Government Agencies would be available to the Attorney General but not me.  This would extend until any investigation is terminated.  The intentional withholding of any evidence in a Case by any party is not only unfair, but a Discovery Rule Violation, regardless if it was done with the intent to harm the other party or not.

**Illinois Law provides the Right to discuss my allegations with the Attorney General.**

Last Spring I sent a "flurry" of letters, emails, as well as numerous phone calls to every Law Enforcement Agency I was knowledgeable of, or was directed to by Government representatives, to have my allegations investigated. I also sent online and mailed complaints, and had both phone and in person conversations with Attorney General representatives. As of this date I haven't received any response from any agency. I must presume my complaint was either ignored or still under review.

Regardless, Illinois Law does not prohibit me from continuing to contact the Attorney General, and Illinois Law specifically states that as an interested party the Attorney General is my proper Contact to discuss my allegations absent action by local authorities. As Victoria Fuller stated, it is improper, and it does create a conflict for her, my adversary, to discuss this Case. But Illinois Law requires her as an Agent for the Attorney General to discuss the allegation of this Case. Therefore the Attorney General is conflicted if it does discuss the allegations of my Case, or in violation of Illinois Law if fails to. Therefore the Attorney General should have never assumed a role in this Case and should resign or be disqualified now.

**Summary.**

As a pro se litigant I have limited knowledge and tools to present Comparative Cases. But the Gabeau Case was litigated by this Court, the Fayette County Court was a party having to answer for one of its own members' alleged wrongs, and the Fayette County Court never enlisted the Attorney General for representation. But I enlisted the Attorney General to investigate the allegations cited in the Case. Like the Gabeau Case, the Fayette County Court should enlist non conflicted representation, and the Attorney General should not assume a conflicted role.

PC JIMS software, the Record keeping software adopted by the 4th Circuit, allows only high level members of the Court to impound documents outside the mandatory impounding requirements set forth under Illinois Judicial transparency policy.

In the Gabeau Case the Attorney General offered no assistance in defending the Court regarding wrongful Acts by a member of the Court. But in my Case the Attorney General files to

dismiss the Case, which would result in no explanation or basis for impounding key Hearing Notice Documents.

This action is contrary to this Court's position in the Gabeau Case as well as contrary to Illinois Law which mandates the Attorney General to investigate allegations by an interested party absent action by local law enforcement Agencies.

Such contrary actions raises suspicion, especially when all law enforcement Agencies appear to have failed to Act or even acknowledge my Allegations.

It's been said Data is the Gold of the Future. The Fayette County Court is required to maintain an accurate and transparent Public Record of that Data resulting from it's Cases and Actions. The impounded documents exist, that's a fact, and no person or explanation has surfaced for why. The Attorney General is required to determine whether the act of document impounding was intentional and criminal, and such action creates conflict. It appears I'm all alone in addressing why Impounded Documents with no explanation for why, and I have a Right to find out why.

**THEREFORE,** based upon the above reasons, the Attorney General should resign from this Case, or if refuses to do so, I respectfully request this Court to disqualify and remove the Attorney General as a party to this Case. Whether the Attorney General leaves the Case voluntarily or not, all Motions filed by the Attorney General should be void, since the Attorney General lacked authority to file anything in this Case.

> Respectfully Submitted,
> /s/ Scott Jenkins pro se
> 618.335.3874

I certify that I will deliver a true and correct copy of this filing to Victoria Fuller via email at the provided address of record with this Court.