IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-CV-00434-MAB |
| | ) | |
| FAYETTE COUNTY CIRCUIT COURT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on a series of motions filed by both Plaintiff Scott

Jenkins and Defendant Fayette County Circuit Court. Mr. Jenkins filed this *pro se* action

on April 29, 2021, alleging Fayette County Circuit Court, through its employees,

tampered with public records in violation of 720 ILL. COMP. STAT. ANN. § 5/32-8 (Doc. 1,

p. 2). As support, Mr. Jenkins describes a few ongoing issues with his state court case in

Fayette County Circuit Court. First, he details that Judge Michael McHaney ruled he

cannot file any documents, beyond a notice of appeal, in his state court case. Mr. Jenkins

feels this ruling is unfair and violates his constitutional rights (*Id.*). He argues he is unable

to litigate in state courts now as a result of this ruling and is, essentially, locked out of the

court system. Additionally, Mr. Jenkins outlines that there are two separate records in his

state court case—one that is "impounded" and another that is the "common law record."

There also appear to be two appellate records for his case. Mr. Jenkins believes the

separate and possibly duplicate records are evidence that someone is tampering with public records (*Id.* at pp. 7-9).

Fayette County Circuit Court filed a motion to dismiss on June 14, 2021, detailing that it cannot be sued as it is a court and not a suable entity; therefore, this case should be dismissed (Doc. 11, 12). Mr. Jenkins filed his response on June 28, 2021 (Doc. 16). On July 14, 2021, Mr. Jenkins filed a motion for leave to add defendants, which was denied by the Court on August 20, 2021 because Plaintiff had failed to comply with Local Rule 15.1 by submitting the proposed complaint with his motion (Docs. 21, 22; *See also* SDIL-LR 15.1). On August 27, 2021, Mr. Jenkins filed a motion for leave to add defendants and allegations, seeking to add three defendants and allegations related to the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") (Doc. 23).

On January 5, 2022, Mr. Jenkins filed a motion to disqualify Defendant's counsel (Doc. 24). Fayette County Circuit Court did not respond to this motion.

Fayette County Circuit Court's motion to dismiss (Doc. 11), Mr. Jenkins' motion to amend (Doc. 23), and Mr. Jenkins' motion to disqualify (Doc. 24) are all before the Court. The Court will first address Fayette County Circuit Court's motion to dismiss, followed by the motion to amend and motion to disqualify.

I.    <u>Defendant's motion to dismiss</u>

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the

court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g.*, *Burger v. Cty. of Macon*, 942 F.3d 372, 374 (7th Cir. 2019) (citation omitted). To survive a motion to dismiss, the plaintiff must do more than simply recite the elements of a claim in a conclusory fashion. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts v. City of Chicago*, 817 F.3d 561, 564–65 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). The complaint need not, however, contain "detailed factual allegations." *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678).

Fayette County Circuit Court's motion to dismiss is quite straightforward. Defendant argues that as a state court, it is not a suable entity (Doc. 12, pp. 2-3). Mr. Jenkins opposes the motion and argues that the Southern District of Illinois has allowed Fayette County Circuit Court to be named as a defendant in another analogous case: *Gabeau v. Starnes*, No. 3:18-cv-02114-SMY, 2020 WL 4436316 (S.D.Ill. Aug. 3, 2020) (Doc. 16, p. 1). Mr. Jenkins states that he understands individuals, and not the Fayette County Circuit Court, committed the acts he alleges in his complaint, but he does not know their names and cannot allege them in a complaint without engaging in discovery and gathering more information from the current Defendant (Doc. 16).

The Court readily admits that Fayette County Circuit Court was a named defendant in the *Gabeau* case, but the similarities between the present matter and that case end there. In *Gabeau*, Fayette County Circuit Court was added as a defendant under an employee and employer relationship necessary to allege plaintiff's claims of sexual harassment by a superior. *Gabeau*, 2020 WL 4436316, at *5. Gabeau alleged that Fayette County Circuit Court engaged in intentional gender discrimination because it did not take corrective action when another employee created a hostile work environment for Gabeau (also an employee of Fayette County Circuit Court), in violation of Title VII of the Civil Rights Act and the Illinois Human Rights Act. *Gabeau*, 2020 WL 4436316, at *1. *See also* 42 U.S.C. §2000e-2(a)(1); 775 ILL. COMP. STAT. ANN. 5/1-101 *et seq*.

Standing alone, without other defendants, Fayette County Circuit Court is correct that it cannot be sued. *See Dyer-Webster v. Dent*, No. 14-c-616, 2015 WL 6526876, at *3 (N.D. Ill. Oct. 28, 2015) ("The Circuit Court of Cook County itself is a non-suable entity") (citing *Harris v. Circuit Court of Cook Cnty., Chicago, Ill.*, No. 96 C 1623, 1996 WL 145907, at *1 (N.D.Ill. Mar. 27, 1996)); *Newsome v. Circuit Court of Cook Cnty., Criminal Div.*, No. 88 C 10493, 1989 WL 15960, at *1 (N.D.Ill. Feb. 21, 1989)). Even when accepting all well-pleaded allegations of Mr. Jenkins' complaint as true, and drawing all reasonable inferences in favor of him, he has not established that there is an employer/employee relationship necessary to his claims that shows Fayette County Circuit Court can be sued. While Mr. Jenkins mentions some specific individuals in his complaint, like Judge McHaney[1], he

---

[1] It is worth noting that in Illinois, circuit court judges and associate circuit court judges are employees of the State of Illinois, not the county in which they preside. *See* Ill. Const. art. VI, § 14

fails to plead with the necessary specificity that any Fayette County Circuit Court employee has engaged in illegal activities that their employer knew about and did not attempt to correct, or that these actions are in violation of the statutes he wishes to enforce. Put simply, Mr. Jenkins' claims are not described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly*, 550 U.S. at 544). Therefore, Fayette County Circuit Court's motion to dismiss will be granted.

With that said, the Court acknowledges that there is a pending motion for leave to add defendants and an additional claim also before the Court. Even if the Court were to grant Mr. Jenkins' motion for leave to amend his complaint, his proposed changes would not cure the aforementioned deficiency and there are larger issues with Mr. Jenkins' claims that prevent this case from progressing.

II.     <u>Plaintiff's motion to amend</u>

Also pending before the Court is Mr. Jenkins' motion to amend (Doc. 23). After Fayette County Circuit Court filed its motion to dismiss, Mr. Jenkins filed his motion to amend, seeking to add additional defendants and another claim. Generally speaking, motions to amend at this early stage of litigation can be used to cure deficient complaints and defeat motions to dismiss. But as the Court has previously noted, Mr. Jenkins' proposed complaint does not address the issues outlined in Fayette County Circuit

Court's motion to dismiss and does not address the larger issues with Mr. Jenkins' claims overall.

Under the Federal Rules of Civil Procedure, a party may amend a complaint "with the opposing party's written consent or the court's leave," which "should [be] freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). *See Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir.2008). The decision whether to allow an amended pleading is left to the court's discretion. *Chatham v. Davis,* 839 F.3d 679, 686 (7th Cir. 2016); *Pugh v. Tribune Co.,* 521 F.3d 686, 698 (7th Cir.2008). The plain terms of the rule reflect a liberal attitude towards amending pleadings, which is consistent with the preference to decide cases on the merits of the claims. *See Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n,* 377 F.3d 682, 687 (7th Cir.2004). *Cf. Talbert v. City of Chicago,* 236 F.R.D. 415, 419 (N.D.Ill.2006)(collecting cases).

The Court "should only refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile." *In re Abbott Depakote S'holder Derivative Litig.*, 909 F. Supp. 2d 984, 1000 (N.D. Ill. 2012); *see Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As Mr. Jenkins filed his motion for leave at the beginning of this case, even before the parties have started discovery, he has not been delayed in his request and the Court will examine his proposed claims with an eye toward the futility analysis. "Leave to amend [ ] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Kraft Foods Grp., Inc. v. AFS Techs., Inc.*, No. 14 C 5104, 2015 WL 3825881, at *1 (N.D. Ill. June 18, 2015). To explain a

bit more, "[F]utility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie v. Matria Healthcare, Inc.,* 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.,* 383 F.3d 552, 558 (7th Cir. 2004)); *see Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). "That means a proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face." *Bennett v. Crane*, No. 116CV00423TLSSLC, 2019 WL 1785533, at *3 (N.D. Ind. Apr. 24, 2019) (internal quotations omitted) (citation omitted).

The Court notes this is Mr. Jenkins' second motion to amend, as his first was denied by the Court for his failure to follow Local Rule 15. *See* SDIL-LR 15. Although Mr. Jenkins did submit a proposed amended complaint this time, Mr. Jenkins did not underline the new material in his proposed second amended complaint as required by Local Rule 15.1. So the only way for the Court to know what has changed between the original complaint and the proposed amended complaint was to do a line-by-line comparison of the two documents.

As the Court examines Mr. Jenkins' original complaint and the submitted proposed amended complaint, there are a number of significant changes the Court can identify immediately. For example, Mr. Jenkins has added two new Defendants[2] to the case caption on the first page, as well as added supporting information and rewrote a

---

[2] Mr. Jenkins adds a "Cates Law Firm" and "Dave Cates" to the case caption in his proposed amended complaint, but only briefly mentions them in the amended complaint, detailing that he believes they are some of the individuals who may have tampered with public records, but he will need to conduct discovery to fully understand the scope of the illegal activity.

number of sentences on the first few pages, none of which is underlined. In his motion for leave, Mr. Jenkins details he now wishes to bring "federal RICO" claims, but, as best as the Court can discern, he fails to plead those claims, or add in any supporting information, in the proposed amended complaint. The Court understands that Mr. Jenkins is proceeding *pro se* and, therefore, his complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Even so, Mr. Jenkins does not set forth facts which, if true, would state a facially plausible claim for relief. *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14-CV-6, 2015 WL 1825567, at *3 (N.D. Ind. Apr. 22, 2015), citing *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

In his complaint, Mr. Jenkins requests this Court to evaluate whether Fayette County Circuit Court engaged in criminal activity. Specifically, Mr. Jenkins is attempting to enforce 720 ILL. COMP. STAT. ANN. § 5/32-8 and a "federal RICO claim," which he included in his motion to amend (Doc. 23).[3] Mr. Jenkins is specific in that he is requesting the Court to assess "recently discovered criminal activity" (Doc. 1, p. 2). In order for a

---

[3] The statute states, in the relevant part, "A person commits tampering with public records when he or she knowingly, without lawful authority, and with the intent to defraud any party, public officer or entity, alters, destroys, defaces, removes or conceals any public record…A judge, circuit clerk or clerk of court, public official or employee, court reporter, or other person commits tampering with public records when he or she knowingly, without lawful authority, and with the intent to defraud any party, public officer or entity, alters, destroys, defaces, removes, or conceals any public record received or held by any judge or by a clerk of any court." *See* 720 ILCS 5/32-8.

plaintiff to bring a case in federal court, they must have standing or a "personal injury fairly traceable to the defendant's allegedly unlawful conduct [which is] likely to be redressed by the requested relief." *Miceli v. F.B.I., Chicago Div.,* No. 02-C-5749, 2002 WL 31654948, at *6 (N.D. Ill. Nov. 21, 2002). This is one of the first steps of a federal case. In addition, there must be *an underlying legal right* that the plaintiff is asserting and it is well-established that "a private citizen lacks judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* (citing *Leeke v. Timmerman,* 454 U.S. 83, 86 (1981)). Ultimately, Mr. Jenkins' interest in prosecuting individuals for tampering of documents or for racketeering does not automatically create standing to sue in federal court. *Miceli,* 2002 WL 31654948, at *5.

In fact, the *Miceli* case is similar to the present matter in that the *Miceli* plaintiff sought redress for the defendants' failure to follow-up on information given to them pertaining to alleged illegal activity. *Id.* Mr. Jenkins has outlined in his filings with this Court that he has repeatedly followed up with the appropriate authorities regarding the alleged illegal activities of Fayette County Circuit Court's employees, but he has never received a "reply or evidence that any of the Agencies...have acted" (*See, e.g.,* Doc. 24, p. 1). The Court in *Miceli* found that even if the defendants had failed to follow up on information given to them by plaintiff, their duty is owed to the governmental entities they serve and not to a private citizen (*Id*). Ultimately, the court found that the plaintiff "ha[d] no federal claim against the defendants for failing to investigate and initiate the prosecution of criminals, even criminals who have directly injured him." *Miceli,* 2020 WL 31654948, at *5 (citing *Johnson v. City of Evanston,* 250 F.3d 560, 563 (7th Cir.2001)).

Mr. Jenkins has failed to show that he has an underlying legal right to enforce the statutes he cites to in his complaint. Therefore, his amendment would be futile, and the motion to amend is denied.

III.   <u>Plaintiff's motion to disqualify</u>

The last pending motion before the Court is Mr. Jenkins' motion to disqualify Defendant's counsel, which was filed on January 5, 2022 (Doc. 24). Fayette County Circuit Court did not file a response. The disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir.1993) (quoting *Schiessle v. Stephens,* 717 F.2d 417, 419–420 (7th Cir.1983)). As such, motions to disqualify are treated with "extreme caution." *See Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 722 (7th Cir.1982). Caution is warranted both because disqualification motions "can be misused as techniques of harassment," and because the consequences of disqualification are so grave—"destroy[ing] a relationship by depriving a party of representation of their own choosing." *Id.* The Court takes motions to disqualify counsel very seriously.

As support for his motion, Mr. Jenkins argues that the Attorney General is required, by law, to investigate and possibly prosecute criminal conduct (Doc. 24, p. 2). Mr. Jenkins details that he has repeatedly contacted, through complaints, letters, and emails, local law enforcement agencies, state police, and other government officials asking them to investigate the alleged issues central to his complaint (*Id.* at pp. 1-2). According to Mr. Jenkins, there has been no action and he has not heard any responses about the illegal actions he alleged took place in this case. Therefore, the lack of response

signals to Mr. Jenkins that the Attorney General has not investigated these claims and there is a conflict for the office of the Attorney General to represent the Fayette County Circuit Court in this case while also not criminally investigating the Fayette County Circuit Court (*Id.* at p. 2). Additionally, Mr. Jenkins details that Fayette County Circuit Court's counsel, Ms. Victoria Fuller, has refused to discuss the allegations in Mr. Jenkins's complaint in depth (*Id.*). Mr. Jenkins believes her refusal to discuss the case is a conflict and improper (*Id.*).

When examining a motion to disqualify counsel, the Court employs a two-step analysis. First, the Court must consider whether an ethical violation has actually occurred. Then, the Court must determine whether disqualification is the appropriate remedy. *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997) (citing to *Reuben H. Donnelley,* 1996 WL 99902, at *2); *SWS Fin. Fund A v. Salomon Bros., Inc.,* 790 F.Supp. 1392, 1399 (N.D.Ill.1992). *See also Freeman Equip., Inc. v. Caterpillar, Inc.,* 262 F. Supp. 3d 631, 634 (N.D. Ill. 2017).   Ultimately, the burden is on the *moving* party, which is Mr. Jenkins in this matter, to show the facts necessary to support disqualification. *Lanigan v. Resolution Trust Corp.,* No. 91 C 7216, 1992 WL 350688, at *1 (N.D.Ill. Nov.23, 1992); *see also Evans v. Artek Sys. Corp.,* 715 F.2d 788, 794 (2d Cir.1983) (noting that the movant "bears a heavy burden of proving facts required for disqualification").

Mr. Jenkins has failed to support his motion. He argues that Ms. Fuller has engaged in unethical acts, but fails to meet this standard's high burden because his allegations are just that—allegations and nothing more than words on a paper. For example, Mr. Jenkins admits that "[w]hile I have not been contacted by anyone from the

Attorney General's Office, I can't say for certain the Attorney General has ignored my allegations" (Doc. 24, p. 3). As best as the Court can tell, this is the closest Mr. Jenkins comes to alleging some form of an ethical violation, but it seems to be based on his own belief that "any investigating Agency has a duty to inform those who present allegations if they can or will investigate" rather than a violation of the professional rules of ethics that govern lawyers' actions, for example (*Id.*). *See, e.g., Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885 (S.D. Ind. 2014) (examining disqualification of an attorney under the professional rules of conduct for attorneys and other ethical obligations). Mr. Jenkins does not identify or describe any behavior that would convince the Court to make the monumental move of disqualifying Ms. Fuller and severing her attorney-client relationship with Defendant. Such a drastic move would require more information and proof, as the Seventh Circuit has instructed that granting a motion of this sort "should be viewed with extreme caution" and should only be done when "absolutely necessary." *Freeman Equip., Inc.*, 262 F. Supp. 3d at 634. Mr. Jenkins has not met this high bar and his motion must be denied.

CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss (Doc. 11) is **GRANTED**, Plaintiff's motion to amend and motion to disqualify (Docs. 23, 24) are **DENIED.** This action is **DISMISSED with prejudice** pursuant to Rule 12(b)(6). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

<u>NOTICE</u>

If Plaintiffs wish to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R.APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R.APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiffs showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account, if applicable. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

IT IS SO ORDERED.

DATED: February 15, 2022

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge