# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT JENKINS, ) | | |
| JENKINS DISPLAYS CO.     , ) | | |
| Plaintiffs, ) | | |
| ) | | |
| VS. ) | Case No. 21-cv-00434-MAB | |
| ) | | |
| FAYETTE COUNTY CIRCUIT COURT, ) | | |
| Defendant. ) | | |

### Motion to Alter or Amend Under Federal Rule of Civil Procedure 59(e).

Comes now Scott Jenkins pro se and states the following:

First and foremost I appreciate the time this Court has afforded me by the well written detail it has presented in it's Order.

This Court instructed me that in order for my Case not to be dismissed it must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."

### Failure to state the obvious by a pro se litigant should not warrant dismissal.

I believe this Court is considering similar case law below:

*A Complaint should not be dismissed for failure to state a claim* unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint."

### This Court's Order demonstrates its aware of two different Appeal Records, making the Fayette County Court a defendant in its role as an employer.

This Court stated Gabeau was different from my Case because of the existence of a Court employee defendant, rendering the Fayette County Court an employer defendant.

*The Court readily admits that Fayette County Circuit Court was a named defendant in the Gabeau case, but the similarities between the present matter and that case end there. In Gabeau, Fayette County Circuit Court was added as a defendant under an employee and employer relationship*

1

*necessary to allege plaintiff's claims of sexual harassment by a superior. Gabeau, 2020 WL 4436316, at \*5. Gabeau alleged that Fayette County Circuit Court engaged in intentional gender discrimination because it did not take corrective action when another employee created a hostile work environment for Gabeau (also an employee of Fayette County Circuit Court), in violation of Title VII of the Civil Rights Act and the Illinois Human Rights Act. Gabeau, 2020 WL 4436316, at \*1. See also 42 U.S.C. §2000e-2(a)(1); 775 ILL. COMP. STAT. ANN. 5/1-101 et seq.*

Like the Gabeau Case, this Court is aware of the existence of an employee defendant, and although I may not have specifically named that defendant, that does not mean an employee defendant doesn't exist, making the Fayette County Court an employer defendant like the Gabeau Case. I realize that any employee of the Fayette County Court could committ sexual harassment, and therefore it was necessary for Gabeau to name that defendant. But in my Case only one Court employee can be responsible for an inaccurate Appeal Record, rendering the Record itself inaccurate, and Illinois Court Clerk law states that the only person responsible is the Court Clerk.

The pleadings and exhibits make it clear that the Record in my Case is inaccurate, the Court Clerk was aware of it, but failed to take any corrective actions.

This Court does not challenge that two different Appeal Records exist, but to prove it below are the two Certifications of Record from my Court Clerk, one certified on September 23 with 2118 pages, and the other on December 18 with 2124:



The above Appeal Record Certifications by my Clerk is not new information, it was before this Court stated by my allegations and exhibits. It's Public Appellate Court information and this Court had access to if it doubted my allegations about the existence of two different Appeal Records. My decision to include them in this document is to eliminate any doubt regarding the existence of a Fayette County Court Clerk employee responsible for wrongful Acts, specifically certifying two different Appeal Records to be accurate. The two different Appeal Record Certifications contained within this document proves one Appeal Record has to be inaccurate, and an inaccurate Appeal Record could only come from an inaccurate Court Record. This Court is aware that Illinois Law governing Court Clerks states only the Court Clerk employee of a Court can be held responsible for an inaccurate Record, which would include an inaccurate Appeal Record.

Like defendant Starnes, the Court Clerk is an employee of the Court, and if the Court Clerk can be the only Court employee responsible for inaccurate Records, and a Court has to have a Court Clerk Employee, then stating only the wrongful acts should be enough. My failure to state the name of the Court Clerk employee like Gabeau needed to do, should not negate the fact that the Court is the employer of an employee who committed the wrongful Act of preparing, certifying, and filing an inaccurate Appeal Record..

Obviously the Fayette Court is aware that two different Appeal Records exist, because not only did I make both the Clerk and the Chief Judge aware, just like Gabeau did by alerting the Clerk and conferring with the Chief Judge, both Appeal Records are signed and certified by the Court Clerk, and I made repeated emails to both my Court Clerk and Chief Judge requesting an explanation and or investigation.

Below is the last of many emails I sent to my Clerk before finally giving up, and it informs the Clerk that I had also alerted my Chief Judge Jarman. I know of no others within the Fayette Court that a litigant should notify and is vested with the duty and authority of the Court to take the appropriate actions when made aware. A failure to Act by these Court Officials also renders the Fayette County Court guilty of failing to act when made aware.

3

**Scott Jenkins** <scottljenkins69@gmail.com>　　　　　　　　　　　　　　　　　　Apr 26, 2021, 10:22 AM
to Kathy

Hi Kathy,

This is the Appeal Record cover page you certified to be an accurate Record for my appeal, 226 pages 3 volumes:

But this is the one that was sent back on September 23rd, 2020. It has only 220, but you certify it to be an accurate Record also. Which one am I to use, the December one or the September one?

Also, you never did send me that Wooleberg transcript for the November 13, 2018 hearing in Salem. How come the Appelate Court gets transcripts of my hearings but I don't. This will be 6rh time I've requested it between you, Jarman, and the Salem Clerk?

### Failure to Act by the defendant.

This Court also stated not only does the Fayette Court need to be named as the employer, it also must fail to act when made aware. Gabeau initiated her alleged wrong with the Court Clerk. Evidence before this Case proves, like Gabeau, I alleged my wrongs to the Court Clerk, but unlike the Gabeau Case, my complaint was ignored by both the Clerk and Chief Judge. Not only in regards to the improper impounded documents, my Attorney filing my adversary's documents, but my Clerk was also made aware in December 2020 that two Appeal Records existed which both stated she certified and signed her name to.

### Summary.

The last settlement offer, that I was never aware of due to part of my Attorney's intentional desire to keep me in the dark on my Case, just like making sure I would never learn of the key hearing he submitted to Judge Mchaney for imounding, was seven million dollars ($7,000,000). I only became aware of any settlement negotiations taking place when his secretary provided me with my Records after he resigned from my Case. The Attorneys in my Case negotiating these settlement amounts should prove to this Court I'm not requesting this Court's time and efforts without a significant financial basis for doing so. This is a life changing Case, and I'm putting all my available resources and efforts into it.

This Court is aware and realizes through its Order, the existence of an illegal and inaccurate Appeal Record that only my Court Clerk and Fayette Court as her employer, can be responsible for. I

am providing factual proof through evidence contained within this Document, proving both my Court Clerk and her employer, the Fayette County Court, failed to act while aware regarding inaccurate Appeal and Court Records

    This Court is also aware through my Clerk's emails exhibits that her statements prove my Circuit Case's Defense Attorney Bleyer and Plaintiff Attorney Cates violated Illinois e-filing laws by not e-filing their own pleadings, as well as requesting Judge Mchaney to impound hearing notice pleadings that Judge Mchaney knew would be illegal, based on numerous confidential rules and transparency laws.  While admitting she was aware, my Court Clerk failed to act regarding those wrongs even through statements contained within her emails, such as "it makes no sense" or "no reason to".

    As a pro se litigant, failure to state a claim, or in this Case failure to state what the Court knew, naming the only court employee that Illinois Law states can be held responsible for Record inaccuracies, at best should be seen as an excusable error, something this Court should not dismiss my Case over, and if required, allow me to correct the error and name the obvious, the Fayette County Court Clerk as a defendant to support my Complaint that Fayette County Court is a defendant, as an employer just like the Gabeau Case which this Court allowed to proceed..

Respectfully Submitted,

/s/ Scott Jenkins pro se

I certify that I will deliver a true and correct copy of this filing upon receipt to Victoria Fuller via email at the provided address of record with this Court.